UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

SUMATEE FULCHAN,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
A LIBERIAN CORPORATION, d/b/a
ROYAL CARIBBEAN CRUISE LINE
and d/b/a ROYAL CARIBBEAN
INTERNATIONAL,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

The Plaintiff hereby sues the Defendant and files this Complaint for Damages, and says:

## THE PARTIES AND JURISDICTION

1.    This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2.    Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and

is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

3. The Plaintiff, SUMATEE FULCHAN, is sui juris and is a resident of Trinidad, West Indies.

4. The Defendant, ROYAL CARIBBEAN CRUISES, LTD., is a Liberian Corporation authorized to do business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida.  At all times material hereto, the Defendant owned and/or operated the cruise ship on which the subject accident occurred.

5. The Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   (a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   (b) Had an office or agency in this state and/or county; and/or

   (c) Engaged in substantial activity within this state; and/or

   (d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF ACCIDENT.** This accident occurred on April 12, 2012.

8. **LOCATION OF ACCIDENT.** This accident occurred on the vessel *Navigator of the Seas*, a ship in navigable water while the Plaintiff was a passenger aboard.  Accordingly, the Plaintiff's claims are governed by the general maritime law.  Specifically on Deck 3, ladies

restroom, outside the Nutcracker Dining room, and close to the photo gallery and art gallery where the photos of guests are displayed.

9.  **STATUS OF PLAINTIFF AS OF DATE AND TIME OF ACCIDENT.**  At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel. The Plaintiff is not in possession of the Passenger Contract Ticket.  The Defendant is in possession of the Passenger Contract Ticket or a facsimile thereof.

10. **DESCRIPTION OF THE ACCIDENT.**  On April 12, 2012 at approximately 8:15 p.m. and following the dinner seating, passenger Fulchan went to the ladies room located outside the Nutcracker dining room. An officer of the ship greeted her at the door of the restroom and opened the door for her to enter.  Fulchan's daughter walked in and Fulchan followed. Before the plaintiff could clear the door, the officer pushed on the door and slammed the door shut.  The door was not stopped or slowed by any door closer.  The door slammed and hit Fulchan on her left shoulder and causing her right hand to come up and her ring finger to get caught in the door and consequently amputating part of her finger.  Fulchan saw part of her finger still stuck in the closed door. The finger was cut off to the bone where she could see the exposed bone and the exposed tissue and blood.  As a result of this incident plaintiff has suffered permanent and debilitating injuries.

## COUNT I

## NEGLIGENCE

11. The Plaintiff, hereby adopts and realleges each and every allegation in paragraphs 1 through 10, above.

12. **DUTIES OWED BY THE DEFENDANT**.  The Defendant owed a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein.  See, *Hall vs. Royal Caribbean Cruises, Limited*, 888 So. 2d 654 (Fla. 3d DCA 2004), 2004 A.M.C. 1913;  citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); *The Moses Taylor*,  4 Wall. 411, 71 U.S. 411, 18 L. Ed. 397 (1866);  *Carlisle v. Ulysses Line Ltd.*, 475 So. 2d 248 (Fla. 3d DCA 1985).  The Defendant also owed a "duty to exercise reasonable care under the circumstances".  See, *Harnesk vs. Carnival Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).  The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit."  See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).  Vierling v. Celebrity Cruises, 339 F.3d 1309, 1319-20 (11th Cir. 2003) ("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is nondelegable, and that even the 'slightest negligence'  renders a carrier liable).  The cruise line has a duty to provide safe ingress and egress to and from the ship.  *Tittle v. Aldacosta*, 544 F.2d 752 (5th Cir. 1977); *Bellocchio v. Italia Flotte* 84 F.2d 975 (2d Cir. 1936); *Samuelov v. Carnival,* 870 So.2d 853 (Fla. 3DCA 2004); and *Chan v. Society Expeditions*, 123 F.3d 1287 (9th Cir. 1997).

13. The Defendant breached those duties and was negligent by:

   (a) Failing of the ship's officer to avoid slamming the door of the restroom on a finger, hand, and shoulder of this passenger;

   (b) Failing of this officer to warn the passenger before slamming the door on the passenger;

   (c) Failing of the officer to pay attention before slamming the door on the passenger's finger, hand, and shoulder;

(d) Failing of the cruise line to train its officers not to slam doors on the fingers, hands and shoulders of the passengers;

(e) Failing of the cruise line to provide, maintain, inspect the door closure on the door of the ladies room where this incident occurred;

(f) Failing to provide safe doorway and or door closure for the public including the Plaintiff herein;

(g) Failing to equip public doorways with door closers or with appropriate or adequate door closures;

(h) Failing to maintain door closures on public doorways including the doorway at which the accident occurred;

(i) Providing negligent maintenance for the door and/or door closure;

(j) Failing to design or select doors with door closers or with adequate door closers;

(k) Failing to warn passengers including the Plaintiff herein of their failure to equip the doors with adequate door closers and of the failing to maintain door closers;

(l) Failing to design door closers and/or doorways which would provide a safe door and doorway for the public including the Plaintiff herein;

(m) Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or to remain on the premises which would cause accidents or injuries;

(n) Failing to otherwise maintain the area and the premises in a safe and reasonable manner;

(o) Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

(p) Failing to comply with applicable standards, statutes, and/or regulations the violation of which is negligence per se and/or evidence of negligence; and

(q) Failing to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence.

14. The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

15. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity.  Thus, the negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendant, and should have been foreseeable by the Defendant.

16. In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations.

17. As a result of the Defendant's negligence, the Plaintiff has suffered bodily injury and possibly aggravation of preexisting conditions, and resulting pain, suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.  The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to damages as a result of Plaintiff's bodily injury, pain, suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and significant and permanent scarring or disfigurement, which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest, and any and all other damages which the Court deems just or appropriate.

HICKEY LAW FIRM, P.A.
Attorney for Plaintiffs
1401 Brickell Avenue
Suite 510
Miami, Florida 33131-3504
(305) 371-8000


By:  */S/ John H. Hickey*
        JOHN H. HICKEY
